IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY D. BURBANK,

      Plaintiff,

vs.                                                     Case No. 05-1307-JTM

JO ANNE B. BARNHART,
Commissioner of Social Security,[1]

      Defendants.

MEMORANDUM AND ORDER

Presently before the court is plaintiff's motion pursuant to 42 U.S.C. § 406 for an order approving attorney fees of $7,425.00 (Dkt. No. 24). For the following reasons, the court grants the motion.

Plaintiff's attorney states that he has already received $5,822.91 in fees pursuant to the Equal Access to Justice Act (EAJA). Plaintiff's counsel argues that his fee request is reasonable based on the contingency nature of the case, the time expended, the difficult issues and the results obtained. Plaintiff's counsel claims that his net fee will be $1,602.09, because he will refund the $5,822.91 in EAJA fees already received.

Although the Social Security Administration has no direct financial stake in the outcome of § 406(b) litigation, the Commissioner filed a response due to a role it described as "analogous that of a trustee for the plaintiff." Courts have uniformly permitted the Commissioner to

---

[1] The case caption reflects the name of the Commissioner of Social Security at the time of the initial litigation.

participate as a party under § 406(b) attorney fee litigation to represent the interests of claimants and to ensure the proper administration of the statutory scheme. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). The Commissioner mentions that the motion should be filed in a reasonable time, but does not object based on timeliness. Additionally, the Commissioner notes that plaintiff's requested amount appears reasonable. Finally, the Commissioner requests that the court order plaintiffs's attorney to refund the amount of the smaller award already paid if the new fee award is granted.

Pursuant to 42 U.S.C. § 406, a court that "renders a judgment favorable" to a social security claimant may also grant a "reasonable" attorney fee to the claimant's attorney, not to exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment," and the Commissioner may pay that fee out of those past-due benefits. 42 U.S.C. § 406(b)(1)(A).

The time limit applicable to an application for attorney fees under the EAJA does not apply to an application for attorney fees pursuant to 42 U.S.C. § 406(b). Neither the statute nor regulations specifies a time limit for filing a request for attorney fees pursuant to 42 U.S.C. § 406(b). Federal Rule of Civil Procedure 54(d)(2)(B)(I) provides that fee motions must be filed with the district court no later than fourteen days after the "entry of judgment." However, the Tenth Circuit has recognized that the timely filing of a § 406(b) fee application "would often be impossible in situations where benefits were granted following remand." *Early v. Astrue*, No. 07-6294, 2008 WL 4492602, at *1 (10th Cir. Oct. 8, 2008) (citing *McGraw v. Barnhart*, 450 F.3d 493-504-05 (10th Cir. 2006)). As such, the Tenth Circuit directed that "the proper procedure in this circuit was for counsel to utilize the authority of Federal Rule of Civil

Procedure 60(b)(6) to file the motion for § 406(b)(1) fees within a reasonable time of the Commissioner's decision awarding benefits." *Id.* (internal quotations omitted). The Circuit has stated that it "leaves the questions of reasonableness of counsel's requested fees and the timeliness of the fee motion to the district court's consideration." *Bennett v. Barnhart*, No. 06-5030, 2006 WL 2458705, at *1 (10th Cir. Aug. 25, 2006).

In this case, filing within fourteen days of judgment was not possible because the amount of plaintiff's past due benefits was not ascertainable at the time the judgment was entered. Further, the Commissioner does not object to the timeliness of plaintiff's request. As such, the court finds that plaintiff's request was made in a reasonable time after the issuance of plaintiff's award letter, and thus plaintiff's motion is granted.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2009, that plaintiff's motion pursuant to 42 U.S.C. § 406 for an order approving attorney fees of $7,425.00 (Dkt. No. 24) is granted. It is further ordered that plaintiff's counsel refund the amount of the smaller award to plaintiff.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

Procedure 60(b)(6) to file the motion for § 406(b)(1) fees within a reasonable time of the Commissioner's decision awarding benefits." *Id.* (internal quotations omitted). The Circuit has stated that it "leaves the questions of reasonableness of counsel's requested fees and the timeliness of the fee motion to the district court's consideration." *Bennett v. Barnhart*, No. 06-5030, 2006 WL 2458705, at *1 (10th Cir. Aug. 25, 2006).

In this case, filing within fourteen days of judgment was not possible because the amount of plaintiff's past due benefits was not ascertainable at the time the judgment was entered. Further, the Commissioner does not object to the timeliness of plaintiff's request. As such, the court finds that plaintiff's request was made in a reasonable time after the issuance of plaintiff's award letter, and thus plaintiff's motion is granted.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2009, that plaintiff's motion pursuant to 42 U.S.C. § 406 for an order approving attorney fees of $7,425.00 (Dkt. No. 24) is granted. It is further ordered that plaintiff's counsel refund the amount of the smaller award to plaintiff.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE